McGREGOR W. SCOTT
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERNESTO SERRATOS-ORENDAIN,

    Defendants.

CASE NO. 2:18-CV-02453-TLN-KJN

**SETTLEMENT AGREEMENT; AND ORDER APPROVING SETTLEMENT**

I. PARTIES

1.    The parties, by their authorized representatives, hereby agree to resolve the allegations contained in the United States' complaint for student loan default against Defendant, Ernesto Serratos-Orendain, as set forth below (the Complaint). The parties submit this settlement agreement for the Court's review and approval.

II. BACKGROUND/ALLEGATIONS

2.    Defendant resides in and maintains a chiropractic practice within this district.

3.    As set forth in the Complaint, Defendant executed two promissory notes to consolidate his student loan debt with the United States Department of Education (ED). Defendant defaulted on both student loans, requiring the ED to pay default claims to the guarantors of Defendant's loans.

4.    As of August 1, 2018, Defendant's combined loan debt to the United States is $313,650.50, exclusive of interest.

5. Defendant admits the Complaint's allegations.

## III. TERMS AND CONDITIONS

6. In consideration of their mutual promises and covenants, and the Defendant's admissions, the parties agree to resolve the United States' Complaint upon the following terms (the Agreement):

    A. Entry of Judgment. Defendant consents to entry of judgment in favor of the United States in the amount of $313,650.50, plus 2% interest per annum, (the Judgement Amount). Defendant has reviewed and "approved as to form and content" the judgment lodged with the Court and shall satisfy the Judgment Amount via the payment plan set forth below.

    B. Judgment Enforcement and Satisfaction. The United States will record abstracts of judgment in the counties where Defendant has, or may have interests in real property. Other than recording abstracts of judgment, the United States agrees that it will not seek to enforce its judgment except as stated herein provided Defendant complies with this Agreement's terms. Upon the Defendant's fulfillment of the agreement, the United States will file a satisfaction of judgment with the Court.

    C. Payment Schedule. Defendant shall pay the Judgment Amount to the United States on the following dates and, in the following amounts:

        i. On or before September 15, 2018, and continuing on the fifteenth day of each consecutive month thereafter, for three months, Defendant shall make a $1,000 payment to the United States.

        ii. Thereafter, on or before January 15, 2019, and continuing on the fifteenth day of each consecutive month thereafter, Defendant shall pay the United States $600 a month.

    D. Financial Review. The United States has the right to demand financial data from Defendant every 24 months to do financial assessments for the purpose of increasing, decreasing, or holding steady the payment amounts.

    E. Payment Procedure. Defendant shall make his payments to the United States using one of the secure methods the United States Treasury Department provides at its URL: https://www.pay.gov. There is no repayment penalty and Defendant is encouraged to accelerate his payments as his financial situation allows. He will receive dollar-for-dollar credit for all accelerated

payments he makes.

F. Treasury Offset Program (TOP). The United States will enter Defendant into the TOP until the judgment Amount is paid in full. Defendant will receive dollar-for-dollar credit for the monies the United States withholds pursuant to the TOP.

G. Satisfaction of Judgment. The United States will file a satisfaction of judgment in this case once the Defendant pays the Judgment Amount in full.

H. Default. Defendant shall be in default if he fails to make a timely payment, and thereafter fails to cure the default within twenty (20) days from the date the United States mails written notice of the deficiency to Defendant at the address stated in paragraph I below. If Defendant fails to cure his default, the United States may declare any unpaid balance immediately due and owing and proceed with collection efforts against him. Defendant shall have three opportunities to cure a default. The United States may proceed with immediate collection efforts against Defendant if he defaults a fourth time. No further notice is required. If the United States is required to enforce the judgment, Defendant agrees to a litigation surcharge of ten (10) percent of the balance owing to compensate the United States for its collections costs as authorized by 28 U.S.C. § 3011(a) of the Federal Debt Collection Procedures Act.

I. Written Notice. Except as provided elsewhere in this Agreement, whenever written notice is required, the notice shall be addressed and mailed, via certified mail, to the individuals identified below, unless those individuals or their successors give notice of a change of address to the other party in writing.

As to the United States:
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2750
Facsimile: (916) 554-2900

As to Defendant:
Ernesto Serratos-Orendain
2717 Nicolson Cir
Woodland, CA 95776-5338
Telephone: (530) 574-1335

The twenty (20) day cure period provided by the default notices referenced above, commences from the date the United States mails a default notice to Defendant. All other notices shall be considered effective upon receipt.

7. In consideration of Defendant's undertakings, and subject to the exceptions stated below, the United States fully and finally releases Defendant and agrees to settle and relinquish all claims it may have against him arising from the subject matter of this action.

8. Defendant fully and finally releases the United States, its agencies, employees, servants, and agents from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) which Defendant asserted, could have asserted, or may assert in the future against the United States, its agencies, servants, and agents related to the prosecution and settlement of this case.

9. Defendant warrants that he: has reviewed his financial situation; currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(1)(B)(ii)(I); and shall remain solvent following his payments to the United States as set forth in the Payment Schedule above. Defendant warrants further that this Agreement does not presently impose a hardship upon him or his dependents within the meaning of 11 U.S.C. § 523(a)(8) and applicable case law. More specifically, that: Defendant can make the Payment Schedule payments and maintain, based on his current income and expenses, a minimal standard of living for himself and his dependents; no additional circumstances exist indicating that he cannot make the Payment Schedule payments while maintaining a minimal standard for himself; and without a change in circumstances, a default on the settlement payments would demonstrate a lack of good faith effort to repay these student loan debts.

10. This Agreement is for the parties' benefit only.

11. The parties agree to execute and deliver such other and further documents as may be required to carry out this Agreement's terms.

12. Each party and signatory to this Agreement represents that he or she has completely read, fully understands, and voluntarily accepts the Agreement's terms following an opportunity to review by

legal counsel of his or her choice.

13. Each party further warrants and represents that no party or its representative has made any promise, representation or warranty, express or implied, except as set forth in this Agreement and that each party has not relied on any inducements, promises or representations made by any party to this Agreement, or its representatives, or to any other person, except as expressly set forth herein.

14. The parties negotiated this Agreement, each of whom had the opportunity to participate in its drafting. It is therefore the parties' intent that the words of this Agreement shall be construed as a whole so as to the effect their fair meaning and not for, or against any party in any subsequent dispute, the parties having waived the benefit of California Civil Code § 1654 and similar laws.

15. Each party to this Agreement represents and warrants that each person whose signature appears in this Agreement has the full authority to execute this Agreement on behalf of the person, persons or entity who is a party to this Agreement.

16. This Agreement is governed by the laws of the United States; and to the extent state law applies, by California law.

17. This Agreement constitutes the complete agreement between the parties. It may not be amended except by the parties' written consent.

18. If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall remain in full force and effect.

19. Except as stated otherwise in this Agreement, each party shall bear its own legal and other costs incurred in connection with this action, including the preparation and performance of this Agreement.

20. This Agreement shall be executed in counterparts and circulated for signature by facsimile or electronic transmission. All such counterparts, together, shall be deemed one document. The Agreement is effective as of the date it is signed.

//

//

//

SETTLEMENT AGREEMENT; AND
ORDER APPROVING SETTLEMENT

5

21. The parties understand that as of the effective date, this Agreement will be a matter of public record.

FOR THE UNITED STATES OF AMERICA:

McGREGOR W. SCOTT
United States Attorney

Dated: 9/7/2018                     By: /s/ Kurt A. Didier
                                        KURT A. DIDIER
                                        Assistant United States Attorney

FOR DEFENDANT ERNESTO SERRATOS-ORENDAIN:

Dated: 9/6/2018                     By: /s/ Ernesto Serratos-Orendain
                                        ERNESTO SERRATOS-ORENDAIN
                                        An individual, in pro per

## ORDER

The Court, having reviewed the court files and parties' Settlement Agreement (the Agreement), and finding good cause therefrom, hereby APPROVES the terms of the Agreement. The stipulated entry of judgment as provided in the Agreement shall be entered as a separate judgment.

IT IS SO ORDERED.

Dated: September 13, 2018

_____
Troy L. Nunley
United States District Judge